CAPELL v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

TRIAL (§ 251*)—INSTRUCTIONS.

In an action for injuries to plaintiff while crossing a city street by being struck by an automobile, the complaint charged that defendant, its servant, etc., so recklessly conducted himself toward plaintiff in the operation of one of defendant's automobiles, in that the automobile was driven at a high rate of speed, and in that there was no warning given plaintiff of the approach of the machine, and that the automobile was permitted to strike and run over plaintiff. In the final paragraph, the plaintiff realleged that he was free from contributory negligence, and that the injuries were caused solely by reason of the recklessness and negligence of defendant, its servant, etc. *Held*, that the general charges of negligence which were merely legal conclusions were limited by the specific charges, and they being limited to negligence in operating the machine at a high rate of speed and in failing to ring the gong, it was error to authorize a recovery if defendant's servant did not exercise reasonable care in attempting to avoid injury to plaintiff, when the danger appeared imminent, notwithstanding there was no excessive speed or failure to warn.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by William B. Capell against the New York Transportation Company. From a judgment on a verdict in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Theodore H. Lord, of New York City, for appellant.
John C. Robinson, of New York City, for respondent.

LAUGHLIN, J. On the 29th day of May, 1909, at about half past 8 o'clock in the evening, the plaintiff, while in the carriageway of Broadway some 15 or 20 feet south of the southerly crosswalk of Twenty-Ninth street, between the curb and the easterly street railway track, was struck by an electric cab owned and operated by the defendant, and this action was brought to recover the damages thus sustained. The plaintiff was crossing Broadway from east to west, and the cab was going north. When the plaintiff reached the street railway track, he was delayed by a north-bound car, and before it passed he was struck by the cab. According to his testimony, he looked to the south before leaving the curb, and saw no vehicle, other than the street car, approaching, and he then proceeded to cross and stopped two or three feet from the track and stood there looking westerly to permit the car to pass, when suddenly and without signal or warning the cab came upon him. Other evidence presented in behalf of the plaintiff tends to corroborate him, and to show that the cab was going very fast. The defendant's chauffeur, who

was operating the cab, testified that he rang an electric bell on the cab as he approached Twenty-Ninth street, and that there was ample room for the cab to pass between the plaintiff and the curb, but that plaintiff unexpectedly stepped back in front of the cab when it was nearly opposite him. The extreme width of the cab was 5 feet and 3 inches, and the distance from the curb to the nearest rail of the car track was 12 feet and 8 inches.

The only specific charges of negligence on the part of the defendant contained in the complaint are excessive speed and failure to give warning of the approach of the cab. There was a conflict in·the evidence relating to those allegations of negligence. The court, however, in submitting the case to the jury, drew attention to evidence that might have a bearing on another charge of negligence, and it may well be that the verdict was rendered on that theory, and not on the basis of the express allegations of the complaint. In the main charge, after drawing the attention of the jury to the specific charges of negligence contained in the complaint and instructing them that the plaintiff must recover, if at all, on the theory of the case as presented by the complaint, the court charged that if the jury found that the plaintiff was free from negligence, "and if you find that the defendant was guilty of negligence, either in not giving proper warning, or in running his car at a rate of speed too great, in view of the evident dangers of the situation, or if you find that he did not exercise reasonable care in attempting to avoid the danger which appeared to be imminent to this man through no fault of his own, if there is evidence in the case to warrant you in doing that, then you may give your verdict for the plaintiff." The attorney for the defendant, at the close of the change in chief, requested the court to instruct the jury that, if the plaintiff stepped in front of the cab when it was between three and four feet from him, a verdict could not be rendered in favor of the plaintiff on the theory of negligence in failing to give warning of the approach of the cab. In response to this request the court said:

"I decline to charge except as I have already charged. The plaintiff has to establish his case as he claims, not otherwise."

An exception to the refusal of the court to charge as requested was duly taken, and the attorney for the defendant made a like request with respect to excessive speed. The attorney for the plaintiff thereupon stated to the court that he consented that this request with respect to excessive speed be charged, and it was charged. Thereupon the attorney for the defendant requested the court to charge:

"That if the jury find from the evidence that the speed of the cab was not excessive, and that a reasonable warning was given to the plaintiff of its approach by the ringing of the gong, the verdict must be for the defendant."

To this request the court responded:

"Yes, provided that the danger was so imminent that it could not have been avoided."

The attorney for the defendant thereupon excepted to the modification of the charge, and proceeded to make another request, whereupon the court said:

"I will modify it in this way, that did not discharge the defendant from avoiding the accident which appeared to be imminent, if by the use of reasonable care he could have done so."

And the attorney for the defendant duly excepted.

The request to have the jury instructed that, if the plaintiff stepped in front of the cab when it was only three or four feet from him, the defendant could not be held on the theory of negligence in failing to give warning of the approach of its cab, which was refused, was based upon the testimony of its chauffeur, and other evidence which would have warranted a finding of the facts as recited in the request. If the accident happened under those circumstances, it is doubtful whether plaintiff should be permitted to recover, for he should have looked before stepping back, and that was not the theory developed by the evidence offered in behalf of the plaintiff. But it is not necessary to decide that point, for the refusal of the court to charge the other request constitutes reversible error. It was in effect that, unless the plaintiff established one of the two specific charges of negligence alleged in the complaint, there could be no recovery, plainly left it to the jury to predicate negligence on the failure of the defendant's chauffeur to exercise reasonable care in operating the cab or bringing it to a stop after the accident to be imminent by the plaintiff stepping back in front of the cab when it was nearly upon him. In other words, the jury were specifically instructed that notwithstanding the fact that the chauffeur gave proper warning of the approach of the cab, and that the speed at which he was approaching was not excessive, still, unless the danger was so imminent that the accident could not have been avoided, or could not have been avoided by the exercise of reasonable care on the part of the chauffeur, the defendant was liable.

The learned counsel for the respondent contends that the allegations of the complaint do not limit the negligence charged to the two specific charges, and that therefore there was no error in these instructions, or in the refusals to charge as requested. The plaintiff alleges in the fourth paragraph of the complaint that:

"The defendant, its servant, agent, or employé, so recklessly, negligently, and carelessly conducted it and himself toward the plaintiff herein in the conduct, operation, management, or control of one of its said automobiles, in that the said automobile was driven at a high, reckless, and unlawful rate of speed, and in that there was no gong, whistle, or any notice or warning whatsoever given plaintiff of the approach of said automobile, that said automobile was caused and permitted to strike, knock down, and run over the plaintiff herein."

In the final paragraph of the complaint the plaintiff realleges that he was free from contributory negligence, and that the injuries which he sustained were caused "solely by reason of the recklessness, negligence, and carelessness of the defendant, its agent, servant, or employé." This case falls within the rule that the general charges of negligence which are merely legal conclusions and not allegations of fact are deemed limited by the specific charges, and therefore the issue with respect to the negligence of the defendant was joined concerning the two specific charges of negligence only. The learned trial

court therefore erred in not confining the issues to the allegations of the complaint.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN and MILLER, JJ., concur.

INGRAHAM, P. J. I dissent. I think the allegations of the complaint were sufficiently broad to justify the court submitting to the jury the question as to the negligence of the defendant in driving the automobile in such a way as to run over the plaintiff while he was standing waiting for the car to pass. The charge in the complaint is that the automobile was driven at a high, reckless, and unlawful rate of speed; that there was no gong, whistle, or notice or warning whatever given to the plaintiff of the approach of the said automobile; that said automobile was caused and permitted to strike, knock down, and run over the plaintiff; and that the injuries he sustained were caused solely by reason of the recklessness, negligence, and carelessness of the defendant, its agent, servant, or employé. Under such a complaint, I do not think the plaintiff was limited to the high speed or the absence of warning, but was also justified in recovering if he could prove that the automobile was caused and permitted to injure the plaintiff.

I think therefore that the question was fairly submitted to the jury, that the verdict of the jury that the defendant was negligent was amply sustained by the evidence, and that the judgment should be affirmed.

DOWLING, J., concurs.